IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kevin Leon Dawson, ) | |
| ) | C/A No. 3:11-700-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Eric K. Shinseki, Secretary, Veterans ) | |
| Affairs, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

      Plaintiff Kevin Leon Dawson is a former employee of the Department of Veterans Affairs ("VA") and is suing Defendant Eric K. Shinseki in his capacity as the Secretary of Veterans Affairs. Plaintiff filed a *pro se* complaint on March 17, 2011, in the Eastern District of Missouri, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA"); and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.* ("Rehabilitation Act"). ECF No. 1 at 1-2. Plaintiff alleges that he has been subjected to discrimination on the basis of race, religion, color, gender, and age, in the form of harassment, retaliation, termination of employment, failure to promote, and terms and conditions of employment differing from those of similar employees. *Id.* at 4-5. On March 17, 2011, the case was transferred to this district. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the case was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

      This matter is before the court on a motion to dismiss or for summary judgment filed by Defendant on August 4, 2011. ECF No. 18. Defendant argues that Plaintiff's wrongful

termination claim should be dismissed because Plaintiff failed to file a timely discrimination complaint, and that Plaintiff's hostile work environment claim should be dismissed because it was not initially raised at the informal level. *Id.* at 7. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge issued an order on August 5, 2011, advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 19. Plaintiff filed a response in opposition on September 8, 2011. ECF No. 21. On January 13, 2012, the Magistrate Judge issued a Report and Recommendation in which she recommended that Defendant's motion be granted and that Plaintiff's complaint be dismissed in its entirety. ECF No. 26.

On January 30, 2012, Plaintiff filed a "motion for continuance," stating that he needed forty-five days and "proper discovery" in order to "prepare a proper motion to vacate judgment render questionable [sic] and possibly falsified and or prejuorious [sic] and with held evidence." ECF No. 28. Plaintiff also made several arguments pertaining to the merits of his lawsuit. Liberally construed, Plaintiff argued that Defendant had "supplied numerous different and conflicting stories" concerning his termination, that the person who had signed on his behalf for the delivery of a letter and "Notice of Right to File a Discrimination Complaint" sent by the VA's Office of Resolution Management ("ORM") was not his agent, and that his statement for which the VA claims he was terminated was "not a threat in any form and not workplace violence" and was protected by freedom of speech. *See id.* at 1-2.

On February 21, 2012, the Court denied Plaintiff's motion for continuance but provided Plaintiff with an additional fourteen days in which to file objections to the Report and Recommendation. ECF No. 29. On March 5, 2012, Plaintiff filed an objection to the Court's

denial of his motion for continuance. ECF No. 32. Plaintiff's objection states as follows:

> I am sure all parties involved would stipulate that no less than the U.S. Supreme Court has held that only the attorney of record can appoint his experts (agents). And in this case absent any proof the U.S. Attorney is knowingly aiding and abetting the postal workers violation of U.S. Postal Service rules and regulations and violating Harrison v. Prather, in addition to Milliken v. Meyer 311 U.S.457,465 615 S. Ct.339,85L.Ed278 (1940) " adequacy of service dependent on whether substituted service is actually calculated to give actual notice " Also service not to authorized agent and as such Pro Se Plaintiff having no agents objects to defects in service as causing an extremely undue burden as per Fed. Civ. P. 12(a) (1), 12(b), 12(h) (1).

*Id.* Although Plaintiff frames his objection as an objection to the denial of his motion for continuance, he appears to restate his previous argument that his delay in filing a formal discrimination complaint is excused because he did not personally sign for the "Notice of Right to File a Discrimination Complaint" sent by the VA's ORM. *See* ECF No. 21 at 6; ECF No. 26 at 16. Accordingly, the Court will liberally construe Plaintiff's objection as an objection to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## **FACTS**

The relevant facts, stated in the light most favorable to Plaintiff, are as follows. On July

19, 2009, Plaintiff was hired by the VA as a Veterans Service Representative working in Columbia, South Carolina. ECF No. 18-2. His appointment was subject to a one-year probationary period. *Id.* On April 6, 2010, Plaintiff's employment was terminated during his probationary period. ECF No. 18-3. In the letter provided to Plaintiff, the stated reason for his termination was as follows:

> On April 6, 2010, in a telephone conversation with a veterans' service organization representative, you made a statement regarding problems that you had with the VA and the military. During the conversation, you stated that you knew why Timothy McVeigh did what he did.

*Id.* The letter also advised Plaintiff that if he believed he was terminated because of his race, religion, sex, national origin, age, or disability, he could file a discrimination complaint with the VA in accordance with Equal Employment Opportunity ("EEO") procedures or an appeal to the Merit Systems Protection Board. *Id.*

On April 7, 2010, Plaintiff contacted the VA's ORM and made a complaint alleging that he had been discriminated against on the basis of age, national origin (American), color, disability (mental), race (black), religion, and sex (male), and that he had been subject to reprisal. ECF No. 18-4. On April 30, 2010, the ORM sent a letter to Plaintiff stating that informal counseling on his complaint was being closed. ECF No. 18-5 at 1. The letter summarized Plaintiff's claim and requested that Plaintiff notify the ORM within five days if the summary was not correct. *Id.* The letter also informed Plaintiff that if he wished to file a formal complaint, he must do so within fifteen calendar days of the receipt of the letter. *Id.* at 1-2. Enclosed with the letter was a "Notice of Right to File a Discrimination Complaint" that also noted the fifteen-day deadline, as well as a blank "Complaint of Employment Discrimination" form. *Id.* at 3-6. The letter was sent to the address provided by Plaintiff on April 7, 2010. *See*

ECF No. 18-4; ECF No. 18-7. The letter was delivered on May 3, 2010, and the certified mail receipt reflects that "LaVeda Daniels" signed for the delivery as "agent." ECF No. 18-7.

On November 3, 2010, Plaintiff faxed a completed Complaint of Employment Discrimination form to the VA's ORM. ECF No. 18-8. Although the form requires the complainant to state the discriminatory basis for each challenged practice, Plaintiff does not allege discrimination based on membership in a protected class. Rather, the only basis listed by Plaintiff is that "[b]etrayal, mismanagement, and bullying by my former employer, the Veterans Benefits Administration (VBA) #319, led to the exacerbation of my medical conditions." *Id.* at 1-2. On December 21, 2010, the ORM sent Plaintiff a "Notice of Final Agency Decision" dismissing his complaint. ECF No. 18-9. The ORM noted that Plaintiff's formal complaint was filed 169 days beyond the applicable fifteen-day time limit. *Id.* at 3. The ORM further noted that Plaintiff had attempted to explain the untimely filing of his complaint, but found Plaintiff's reasons to be insufficient to waive the time limit requirements. *See id.*

## PROCEDURAL POSTURE

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In this case, Defendant's motion to dismiss includes attached documents and relies upon facts established by these documents. A court may consider documents attached to the complaint or incorporated by reference in the complaint without converting a motion to dismiss into a motion for summary judgment. *E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). Additionally, "when a defendant attaches a document to its motion to dismiss, a court may consider it in determining

whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *American Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quotation omitted).

Some courts have held in an employment discrimination suit, the discrimination charge previously filed with the Equal Employment Opportunity Commission ("EEOC") is "integral to and explicitly relied upon by" the complaint because the civil action would be barred if such a charge had not previously been filed. *Cohen v. Sheehy Honda of Alexandria, Inc.*, 2006 WL 1720679 at *2 (June 19, 2006 E.D. Va.); *see also Alexander v. City of Greensboro*, 2011 WL 13857 at *7-8 (Jan. 4, 2011 M.D.N.C.). However, in this case, Defendant has submitted additional documents from the administrative record as well as a termination letter sent by the VA to Plaintiff. Because it is not clear that all of these documents were "integral to and explicitly relied upon" by Plaintiff's complaint, Defendant's motion is more properly treated as a motion for summary judgment.

If a motion to dismiss is converted to a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Both Defendant's motion and the *Roseboro* order sent to Plaintiff on August 5, 2011, clearly notified Plaintiff that summary judgment was being sought in the alternative. The *Roseboro* order informed Plaintiff that his response should provide his version of the facts if different from Defendant's version, as well as evidence to support his version of the facts. *See* ECF No. 19 at 2. Plaintiff's response did not challenge Defendant's argument that his ORM discrimination complaint was untimely, provide evidence refuting this argument, or suggest that additional discovery would uncover such evidence. *See generally* ECF No. 21. In

fact, Plaintiff attached to his response several of the documents that Defendant had attached to the motion to dismiss, including the Notice of Final Agency Decision, the Initial Contact Interview sheet, the certified mail receipt, and the termination notice.

The Court recognizes that summary judgment may be inappropriate when the parties have not had an opportunity for reasonable discovery. *See Du Pont*, 637 F.3d at 448-449. However, in this case the facts to which the parties agree show that Plaintiff's claims must fail. Although Plaintiff stated in his response that "[t]he VA [ORM] and the U.S. Attorney ha[ve] failed to review all the facts and observe [his] rights concerning discovery, Brady v. Maryland by not obtaining [his] performance records during his employment with the VARO," ECF No. 21 at 3, the Court notes that such employment records would have no relevance to the timeliness of his discrimination complaint. Additionally, Plaintiff states in his "motion for continuance" that "[i]n order to prepare a proper defense I need a continuance for discovery (Brady v. Maryland) and it shows in some of the Honorable Jurists remarks that the defense has not supplied Plaintiff with evidence crucial to this case and the minutes of the Administrative Court of South Carolina Employment will show this." Putting aside that *Brady* is inapplicable in civil cases and that Plaintiff does not need to "prepare a proper defense," Plaintiff has not suggested how any discovery could potentially help his discrimination claims survive summary judgment. Because Plaintiff has been given adequate notice of the summary judgment procedure and has conceded facts that are fatal to his discrimination claims, it is not premature to consider Defendant's summary judgment motion.

**STANDARD OF REVIEW**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall

be granted when a moving party has shown "[that] the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The facts and any inferences drawn from the facts should be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.*

## DISCUSSION

### I.    Timeliness of Wrongful Discharge Complaint

The Magistrate Judge found that Plaintiff's wrongful discharge claim was barred because Plaintiff failed to comply with administrative procedures. ECF No. 26 at 13. Specifically, the Magistrate Judge found that Plaintiff filed his formal complaint with the ORM 169 days after the filing deadline had passed, and that neither equitable tolling nor equitable estoppel was applicable to excuse Plaintiff's untimely filing. *Id.* at 13-16. Although Plaintiff argued that his change of address from Alaska to Missouri and then back to Alaska may have affected the receipt of his mail at the Hazelwood, Missouri address, the Magistrate Judge found this to be irrelevant because the notice was confirmed as delivered to his Hazelwood address on May 3, 2010. *Id.* at 16 n.3. The Magistrate Judge also noted that while Plaintiff complained that the

U.S. Postal Service had allowed someone else to sign for his certified mail, he did not actually deny having received the notice. *Id.* at 16. The Magistrate Judge found that a letter sent by certified mail need not be signed by a complainant for the clock to start running on EEO administrative deadlines.

In his objection, Plaintiff appears to argue that the person who signed for the letter at his address was not his "authorized agent" and that service was improper under the Federal Rules of Civil Procedure. Whether the person who signed for Plaintiff's letter was an "authorized agent," or any other type of agent, is irrelevant in determining whether Plaintiff's formal complaint was timely filed. The only relevant issue is whether Plaintiff received notice. Here, the notice was confirmed delivered at the address Plaintiff had provided to the ORM less than one month earlier, and Plaintiff is therefore presumed to have received notice. The Court further notes that the federal rules regarding service of process in civil cases are not applicable to a notice mailed by the ORM prior to the filing of a civil suit, and that in any event service would have been proper because the notice was mailed to Plaintiff's last known address. *See* Fed. R. Civ. P. 5(b)(2)(C). The Court finds that Plaintiff's objection is without merit, and that there is no genuine issue of material fact as to whether his Title VII wrongful discharge claim is barred because he failed to comply with administrative procedures.

## II.    Remaining Discrimination Claims

The Magistrate Judge found that Plaintiff's Title VII hostile work environment claims should be dismissed because they were not initially raised before the ORM, and that in any event Plaintiff had made no allegations suggesting severe or pervasive workplace discrimination or tying such discrimination to his race, religion, color, gender, or age. ECF No. 26 at 11-13. The

Magistrate Judge also found that Plaintiff's Rehabilitation Act and ADEA claims should be dismissed because Plaintiff had not complied with procedural and administrative requirements. *Id.* at 18-19. Plaintiff has not objected to these findings, and after carefully reviewing the record, the Court holds that they are not clearly erroneous. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). However, for the reasons explained above, the Court grants summary judgment with respect to these claims rather than dismissing them.

### III.    HIPAA Claim

The Magistrate Judge liberally construed Plaintiff's complaint as alleging a violation of HIPAA, and recommended that this claim be dismissed because there is no private right of action under HIPAA. ECF No. 26 at 19-20. However, the Court declines to adopt the Magistrate Judge's recommendation and does not construe Plaintiff's claim as stating a cause of action under HIPAA.

### IV.    Defamation and First Amendment Claims

The Magistrate Judge liberally construed Plaintiff's complaint as alleging claims for defamation, and recommended that these claims be dismissed because the allegedly defamatory statements were, by Plaintiff's admission, true. ECF No. 26 at 20-21. However, the Court notes that Defendant's motion to dismiss refers only to Plaintiff's discrimination claims and does not discuss defamation claims. The Court also finds that it is not clear from Plaintiff's filings which statements were allegedly defamatory. The Court notes that Plaintiff's January 30, 2012 motion for continuance appears to argue that his statement about Timothy McVeigh was not a threat and was therefore protected by the First Amendment. ECF No. 28 at 2. Because these claims are not clearly stated, neither the Court nor Defendant is able to adequately construe them. Accordingly,

Plaintiff's remaining claims are dismissed without prejudice and with leave to file an amended complaint.

## CONCLUSION

After a *de novo* review of the record in this case, the Court determines that Plaintiff's objection to the Report and Recommendation is without merit. The Court adopts the Magistrate Judge's analysis with respect to Plaintiff's Title VII, ADEA, and Rehabilitation Act claims only and grants Defendant's motion for summary judgment on these claims. Plaintiff's remaining claims are dismissed without prejudice and with leave to file an amended complaint within twenty-one days of the entry of this order.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour<br>
Margaret B. Seymour<br>
Chief United States District Judge

Columbia, South Carolina

March 15, 2012.