IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kevin Leon Dawson, | ) | C/A No.: 3:11-700-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Erik K. Shinseki, Secretary, Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

In this employment discrimination case, the *pro se* plaintiff, Kevin Leon Dawson ("Plaintiff"), a former employee of the Department of Veterans Affairs ("VA"), is suing Erik K. Shinseki in his capacity as the Secretary of Veterans Affairs ("Defendant"). This matter comes before the court on Defendant's second motion to dismiss filed on May 11, 2012 pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). [Entry #44]. On May 15, 2012, the court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff of the dismissal procedure and possible consequences if he failed to adequately respond to the motion to dismiss. [Entry #45]. Plaintiff filed a response to the motion on June 21, 2012 [Entry #48] and Defendant's reply deadline has passed. The motion to dismiss having been fully briefed, it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned

recommends the district court grant Defendant's motion and dismiss Plaintiff's amended complaint in its entirety.

I.      Factual and Procedural Background

Plaintiff timely filed the complaint in this action in the United States District Court for the Eastern District of Missouri on March 17, 2011, asserting claims of discrimination under (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), (2) the Age Discrimination and Employment Act of 1967, 29 U.S.C. §§ 621, et seq. ("ADEA"), and (3) the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, et seq. ("Rehabilitation Act"), as well as a state law defamation claim. Finding that venue was proper in the District of South Carolina, the Eastern District of Missouri transferred the case to this district on March 23, 2011. [Entry #6].

Defendant filed a motion to dismiss or, in the alternative, motion for summary judgment on August 4, 2011. [Entry #18]. On March 16, 2012, the Honorable Margaret B. Seymour granted Defendant's motion as to Plaintiff's Title VII, ADEA, and Rehabilitation Act claims. [Entry #34 at 11]. The court noted that Defendant's motion did not address Plaintiff's defamation claims and found that it was unclear from Plaintiff's filing which statements were allegedly defamatory. *Id.* at 10. The court also noted that Plaintiff's January 30, 2012 motion for continuance appeared to argue that his statement about Timothy McVeigh was not a threat and was therefore protected by the First Amendment. *Id.* (citing Entry #28 at 2). Accordingly, the court dismissed Plaintiff's defamation and First Amendment claims without prejudice and with leave to file an amended complaint. *Id.* at 11.

Plaintiff filed a motion to amend the complaint on April 9, 2012. [Entry #37]. The undersigned granted Plaintiff's motion on April 27, 2012. [Entry #41]. In his amended complaint, Plaintiff asserts he was wrongfully dismissed from the VA without cause based on liable, slander, and defamation of character. [Entry #43 at 1]. He asserts that a statement he made—"I can almost see why Tim McVeigh did what he did out of frustration at a problem"—was twisted and mangled into something seditious, leading to his termination and ultimately causing him to be a homeless, jobless, penniless nomad. *Id.* at 1–2. Plaintiff contends he was denied unemployment benefits based upon false statements made by the VA to the South Carolina Employment Commission and the VA falsifying documents in his performance records stating another reason for his termination. *Id.* at 2. He asserts that a South Carolina Unemployment Administrative Court judge held that the termination/firing was for "no good reason." *Id.* He argues that he made no threats and any statement he made should have been protected under the First Amendment. *Id.* He further argues that "[t]he change made by the State Veterans Service Representative and the VBA Human Resources point of contact constitutes libel, slander and defamation of character." *Id.*

II.  Discussion

   A.  Standard of Review

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) where the court lacks subject-matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(1) examines whether a complaint fails to state facts upon which jurisdiction can be founded. It is the

plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244. Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can

4

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

    1. Libel, Slander, and Defamation Claims

Defendant argues the court does not have subject matter jurisdiction over Plaintiff's common law claims of libel, slander, and defamation because they were not brought pursuant to the Civil Service Reform Act of 1978 ("CSRA"), which Defendant contends was Plaintiff's exclusive remedy. [Entry #44 at 5]. Defendant contends that even if the claims are constructed as claims under the Federal Tort Claims Act ("FTCA"), they must be dismissed because Plaintiff did not first exhaust his administrative remedies with respect to these claims. *Id.* at 5–7. Defendant further contends the court does not have subject matter jurisdiction under the FTCA because the torts of libel, slander, and defamation are excepted from the waiver of sovereign immunity. *Id.* at 7.

      a. Civil Service Reform Act

Defendant contends that because Plaintiff's common law tort claims arise out of his employment relationship with the VA, the CSRA provides the exclusive remedy for these claims. [Entry #44 at 5]. When Congress enacted the CSRA, it comprehensively overhauled the civil service system and created a new framework for evaluating adverse personnel actions against federal employees. *See Lindahl v. Office of Personnel Mgmt.*,

470 U.S. 768, 773–74 (1985). The Supreme Court has read the CSRA's extensive statutory framework to preclude judicial review of adverse personnel decisions except where explicitly provided for in the CSRA. *United States v. Fausto*, 484 U.S. 439 (1988). Under the CSRA, judicial review is provided only for actions that are appealable to the Merit Systems Protection Board ("Board") and which result in a final order or decision. *See* 5 U.S.C. §§ 7701, 7703. In that event, review may be sought exclusively in the Federal Circuit Court of Appeals, not a district court. *See* 5 U.S.C. § 7703(b)(1). The Fourth Circuit Court of Appeals has held that "Congress intended that the CSRA would operate to the exclusion of all other statutory remedies for claims arising out of the federal employment relationship." *Hall v. Clinton*, 235 F.3d 202 (4th Cir. 2000).

Plaintiff's amended complaint asserts that he "was wrongfully dismissed without caused [sic] based on **Liable** [sic]**, Slander and Defamation of Character**." [Entry #43 at 1 (emphasis in original)]. Plaintiff also asserts that agency employees changed the reason he was terminated and that such change "constitutes libel, slander and defamation of character to the point [Plaintiff] was left unemployed, homeless and a drifting vagabond." *Id.* at 2. These allegations demonstrate that Plaintiff's tort claims arise from his federal employment relationship and are directly tied to an adverse employment decision. Thus, the undersigned recommends a finding that Plaintiff was required to seek redress of his libel, slander, and defamation claims pursuant to the CSRA and, consequently, this court lacks subject matter jurisdiction over his claims.

b.  Federal Tort Claims Act

Defendant alternatively contends that if Plaintiff's claims for libel, slander, and defamation are construed as tort claims under the FTCA, the court lacks subject matter jurisdiction because (1) Plaintiff did not exhaust the required administrative remedies and (2) these torts are exempted from the waiver of sovereign immunity under the FTCA. [Entry #44 at 5]. The undersigned agrees.

The United States is immune from all suits against it absent an express waiver of its immunity. *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005). The FTCA creates a limited waiver of sovereign immunity by permitting a claimant to bring a civil suit seeking money damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" to the extent that a private party would be liable for those acts under state law. 28 U.S.C. § 1346(b)(1). All waivers of sovereign immunity must be "strictly construed . . . in favor of the sovereign." *Welch*, 409 F.3d at 650 (internal citations omitted).

Suit under the FTCA lies only against the United States. The VA is encompassed in the broad definition of a federal agency under the FTCA, *see* 28 U.S.C. § 2671, and may not be sued directly on claims brought under 28 U.S.C. § 1346(b). Rather, it is expressly provided that "(t)he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title . . . ." 28 U.S.C. § 2679(a).

Consequently, the undersigned recommends dismissing Plaintiff's attempted claims under the FTCA because he has not named the proper defendant.

Even if Plaintiff had named the United States as a defendant, claims of libel, slander, and defamation will not lie under the FTCA and are subject to dismissal. The FTCA waives the United States' sovereign immunity to suit in certain circumstances, but 28 U.S.C. § 2680(h), which covers exceptions to the FTCA, states that the act shall not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference in contract rights . . . ." 28 U.S.C. § 2680(h). Because Plaintiff's claims of libel, slander, and defamation are excepted by the FTCA, the undersigned recommends dismissal of these claims without leave to amend. Furthermore, "[a] plaintiff may not avoid the CSRA by cloaking his lawsuit in the guise of an FTCA action." *Nguyen v. United States Dept. of Defense*, 39 F.3d 1178 (4th Cir. 1994) [Table] (citing *Rollins v. Marsh*, 937 F.2d 134, 139 (5th Cir. 1991)).

    2.    First Amendment Claim

Defendant next argues that Plaintiff's cause of action based upon freedom of speech must be dismissed because the United States has not waived immunity for constitutional causes of action against the United States or its employees in their official capacities. [Entry #44 at 7]. Defendant further argues that Plaintiff's constitutional claim against Erik K. Shinseki in his capacity as the Secretary of Veterans Affairs is, therefore, not cognizable. *Id.* at 8.

To the extent Plaintiff's amended complaint may be read to assert a claim under the First Amendment, such claims are cognizable under the holding in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* action is a judicially-created damages remedy designed to vindicate violations of constitutional rights by federal actors. *See id.* at 395–97. In order for a *Bivens* remedy to be available, a court must determine that (1) Congress has not already provided an exclusive statutory remedy; (2) there are no "special factors counselling hesitation in the absence of affirmative action by Congress"; and (3) there is no "explicit congressional declaration" that money damages not be awarded. *Id.* at 396–97; *see Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988).

Here, Congress has provided the CSRA as the exclusive statutory remedy for federal employees. *See United States v. Fausto,* 484 U.S. 439, 443–44 (1988). The Fourth Circuit has held "that CSRA remedies are constitutionally adequate and therefore, create an insurmountable barrier to a *Bivens* suit in district court." *Johnson v. Runyon*, 91 F.3d 131, 1996 WL 405218, *2 (4th Cir. July 19, 1996) [Table] (citing *Pinar v. Dole*, 747 F.2d 899 (4th Cir. 1984)). For this reason, the undersigned recommends dismissal of Plaintiff's First Amendment claim for lack of subject matter jurisdiction.

Furthermore, even if Plaintiff's claim falls outside the ambit of the CSRA, he has not adequately pled a *Bivens* claim. A *Bivens* action will not lie against either federal agencies or officials in their official capacity. *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994)). Plaintiff sued Defendant in his official capacity and has not alleged that Defendant personally violated his

9

constitutional rights. Consequently, the undersigned recommends dismissal of Plaintiff's First Amendment claim because it has not been adequately pled under *Bivens*.

III.     Conclusion

For the foregoing reasons, the undersigned recommends the district court grant Defendant's motion to dismiss Plaintiff's amended complaint in its entirety.

IT IS SO RECOMMENDED.

October 16, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).