IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kevin Leon Dawson, ) | C/A No. 3:11-00700-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Eric K. Shinseki, Secretary, ) | |
| Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Kevin Leon Dawson ("Plaintiff") is a former employee of the Department of Veterans Affairs ("VA") and is suing Eric K. Shinseki ("Defendant") in his capacity as the Secretary of Veterans Affairs. Plaintiff filed a pro se complaint on March 17, 2011, in the Eastern District of Missouri, asserting violations of federal employment law and the First Amendment, as well as a state law claim for defamation. ECF No. 1. On March 17, 2011, the case was transferred to this district. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the case was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On August 4, 2011, Defendant filed a motion to dismiss or, in the alternative, motion for summary judgment. ECF No. 18. On March 15, 2012, the court granted Defendant's motion to dismiss Plaintiff's employment claims with prejudice. ECF No. 34. The court granted Defendant's motion to dismiss Plaintiff's defamation and First Amendment claims without prejudice and with leave to file an amended complaint. *Id.*

Plaintiff filed a motion to amend his complaint on April 9, 2012, ECF No. 37, which the court granted on April 27, 2012. ECF No. 41. The same day, Plaintiff's motion to amend was docketed as an amended complaint. ECF No. 43. This matter is before the court on Defendant's

motion to dismiss for lack of jurisdiction and for failure to state a claim, which motion was filed on May 11, 2012. ECF No. 44. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge issued an order on May 14, 2012, advising Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately. ECF No. 45. Plaintiff filed a response on June 21, 2012. ECF No. 48. On October 16, 2012, the Magistrate Judge issued a Report and Recommendation in which she recommended that Defendant's motion to dismiss be granted. ECF No. 49. Plaintiff filed objections on November 2, 2012. ECF No. 52.

## I.  FACTS

The relevant facts, stated in the light most favorable to Plaintiff, are as follows. Plaintiff was an employee of the VA in Columbia, South Carolina, where he worked as a veterans service representative. ECF No. 43 at 1. On April 7, 2012, while Plaintiff was in a meeting with a doctor at the VA medical center in Columbia, VA law enforcement officers interrupted the meeting to speak with Plaintiff. *Id.* The officers' concern was with a statement Plaintiff had made earlier that day to a state veterans service representative. *Id.* According to Plaintiff, he stated: "I can almost see why Tim McVeigh did what he did out of frustration at a problem." *Id.* at 2. Plaintiff asserts that his remarks were "twist[ed] and mangl[ed]" so as to take on a meaning he did not intend. *Id.* at 1. As a consequence of that distortion, Plaintiff was terminated. *Id.* at 2. In addition, based upon the VA's false statements to the South Carolina Unemployment Commission regarding his remarks, Plaintiff was denied unemployment benefits. *Id.*

## II.  STANDARD OF REVIEW

**A.  *Magistrate Judge's Report and Recommendation***

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

**B.  F<small>ED</small>. R. C<small>IV</small>. P. *12(b)(1) Motion***

A motion to dismiss for lack of subject matter jurisdiction filed pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(1), raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it.  It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).  To adjudicate claims brought before it, this court must have both a constitutional and statutory grant of authority to exercise jurisdiction over the matter in question.  *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

**C.  F<small>ED</small>. R. C<small>IV</small>. P. *12(b)(6) Motion***

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face*.  Ashcroft v. Iqbal*, 556 U.S.

662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint need not set forth detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555. Factual allegations must be enough to raise a right to relief above the speculative level. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679.

The court is required to liberally construe pro se complaints. Such pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007).

### III. DISCUSSION

Plaintiff asserts that Defendant's misrepresentation of the statement he made on April 7, 2010, to the state veterans service representative was libel, slander, and defamation of character that led to the termination of his employment. Also, Plaintiff asserts that his constitutional rights were violated when he was terminated on account of speech protected under the First Amendment.

**A.  *The Magistrate Judge's Report and Recommendation***

**1.  *Libel, Slander, and Defamation Claims***

Upon review, the Magistrate Judge concluded that Plaintiff's claims for libel, slander, and defamation should be dismissed on the following grounds.  First, insofar as those claims are construed as challenges to the VA's decision to terminate his employment, the Magistrate Judge concluded that Plaintiff's claims must be dismissed because the Civil Service Reform Act, 5 U.S.C. §§ 1201 *et seq.* ("CSRA"), provides the exclusive framework for evaluating adverse employment actions against federal employees.  *See Lindahl v. Office of Personnel Mgmt.*, 470 U.S. 768, 773-74(1985); *Hall v. Clinton*, 235 F.3d 202 (4th Cir. 2000).  In this regard, the Magistrate Judge explained that under CSRA, judicial review is provided only for personnel actions that are appealable to the Merit Systems Protection Board and result in a final order or decision.  *See* 5 U.S.C. §§ 7701, 7703.  The Magistrate Judge noted that, even in such cases, judicial review may only be heard in the Federal Circuit Court of Appeals.

Second, insofar as Plaintiff's claims are construed as unrelated to Defendant's decision to terminate Plaintiff and, thus, outside CSRA's framework, the Magistrate Judge concluded that they are barred by the doctrine of sovereign immunity.  To that end, the Magistrate Judge found that the Federal Tort Claims Act ("FTCA") does not waive sovereign immunity for claims of libel, slander,or defamation.  *See* 28 U.S.C. 2680(h).  In addition, even if the FTCA waived sovereign immunity for such claims, the Magistrate Judge found that the United States would be the proper defendant in this case, not Secretary Shinseki.  *See* 28 U.S.C. § 2679(a).

For those reasons, the Magistrate Judge recommended that Defendant's motion to dismiss be granted as to Plaintiff's claims for libel, slander, and defamation.

**2.** *First Amendment Claim*

The Magistrate Judge concluded that Plaintiff's First Amendment claim fails to state a claim upon which relief can be granted. The Magistrate Judge read Plaintiff's amended complaint to assert a constitutional claim under the holding in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Magistrate Judge found that, when Congress has provided an exclusive statutory remedy, such as the one available under CSRA, a *Bivens* action is not cognizable. *See Pinar v. Dole*, 747 F.2d 899, 910-12 (4th Cir. 1984). Even if Plaintiff's claim is outside the scope of CSRA, the Magistrate Judge determined that Plaintiff has failed to state a claim because a *Bivens* action cannot lie against federal agencies or an individual acting in their official capacity. *See Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002). In this respect, the Magistrate Judge noted that Plaintiff has not alleged that Defendant personally violated his constitutional rights. Accordingly, the Magistrate Judge recommended dismissing Plaintiff's First Amendment claim because it fails to state a claim upon which relief can be granted.

**B.** *Plaintiff's Objections*

Plaintiff's objections do not appear to address any of the dispositive issues discussed in the Report and Recommendation. Instead, Plaintiff argues that he should be entitled to discovery before the court dismisses his claims. This argument is unpersuasive because the grounds for dismissal set forth in the Report and Recommendation are legal and do not depend on the sufficiency of either parties' evidence. The court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687

F.2d 44, 47-8 (4th Cir. 1982). Nevertheless, after carefully reviewing the record, the court agrees with the Magistrate Judge's findings.

## IV.  CONCLUSION

For the reasons set forth above, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. The court grants Defendant's motion to dismiss. Plaintiff's amended complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour  
Margaret B. Seymour  
Chief United States District Judge

Columbia, South Carolina  
November 26, 2012